UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK BRAZINSKI,

    Plaintiff,

v.                                      CASE NO. 8:04-cv-1171-T-MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks review of the Commissioner's decision denying his period of disability and Disability Insurance Benefits ("DIB"), claiming that his lack of counsel at the administrative hearing prejudiced him and the ALJ failed to fully develop the record. After reviewing the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Therefore, Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.[1]

*Background*

Plaintiff was 56 years old at the time of his administrative hearing on November 20, 2003. He graduated from high school and attended three years of college. Thereafter, he worked as an automobile salesman. Plaintiff alleges disability beginning October 31, 1993, due to numerous back surgeries, skin grafting, and strain on his heart (Tr. 66).[2] Plaintiff

---

[1] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 6).

[2] The ALJ accurately reports Plaintiff's medical history and I adopt that portion of his decision for purposes of this order. (R. 24-30).

initially filed for period of disability and DIB on June 20, 2001. The Commissioner denied his application. Plaintiff subsequently exhausted his administrative remedies and filed suit in federal district court. This case is now ripe for review.

*Standard of Review*

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of her prior work, step

five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 CFR §§ 404.1520(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services,* 21 F.3d 1064 (11th Cir. 1994). The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that she has conducted the proper legal analysis, mandates reversal. *Keeton,* 21 F.3d at 1066; *Jamison v. Bowen,* 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*Discussion*

*1. lack of counsel*

Plaintiff contends he experienced prejudice due to his lack of representation by counsel at the administrative hearing. He claims that his waiver of counsel was not made knowingly and voluntarily. The Commissioner asserts that Plaintiff received notice of his right to counsel directly from her office. This notice informed Plaintiff of his right to

representation, the advantages of having representation, and the fact that representation is available free of charge. It is undisputed that Plaintiff signed off on the form indicating he understood his rights and did not wish for additional time to obtain counsel (Tr. 55). In addition, at the administrative hearing the ALJ referenced Plaintiff's waiver of representation and Plaintiff offered no objections to its introduction into evidence (Tr. 245).

A claimant has a statutory right to counsel at a Social Security hearing. *See Cowart v. Schweiker*, 662 F.2d 731, 733 (11th Cir. 1981). The Commissioner has a duty to notify the claimant of this right prior to the time of the actual hearing. *See Clark v. Schweiker*, 652 F.2d 369, 403 (5th Cir. 1981).[3] However, a claimant may knowingly and intelligently waive his right to representation. *See Ware v. Schweiker*, 651 F.2d 268 (5th Cir. 1981). This waiver will be effective if the claimant had been previously apprized of his rights. Courts have held that the notice given to claimant's must inform them of the possibility of free representation and the limitation of attorney's fees to 25% of any actual award. *See Edwards v. Sullivan*, 937 F.2d 580 (11th Cir. 1991).

In this matter, the claimant received his notice from the Commissioner in the mail. The notice alerted claimant to his right to chose whether or not to have an attorney or other individual represent him. In addition, the notice detailed organizations that may be able to provide free representation, and provided guidelines regarding attorney's fees in case claimant did not qualify for free representation (Tr. 55). Upon receipt of this notice, claimant checked the box stating he in fact received the notice, and that he understood his

---

[3]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

rights regarding representation. Claimant also noted that he did not need additional time to obtain representation (Tr. 55).

It appears clear that claimant had previous knowledge of his right to representation. Not only did the Commissioner's notice alert claimant to the possibility of free representation, but the notice listed organizations to contact regarding free representation. In addition, the notice spelled out the fee charged by private attorneys, differentiating between a successful claim and an unsuccessful claim. In *Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982), the court held a notice inadequate since it stated only that claimant had a right to counsel. The diffenciency in the notice was that it failed to inform claimant of the possibility of free counsel, and the guidelines regarding attorneys fees. In the instant matter claimant had knowledge of both of the above items. I find that the claimant was fully informed of his representation rights.

    2.    adequacy of record

Plaintiff contends that the ALJ did not fully and fairly develop the record. The ALJ has a basic obligation to develop the record whether a claimant has legal counsel or waives his right to counsel. *See Cowart v. Schweiker*, 662 F.2d 731, 735 (5th Cir. 1981). Courts have held that where a claimant has not effectively waived his right to counsel, the ALJ's duty rises to a special level. *See Clark v. Schweiker*, 652 F.2d 399, 404 (5th Cir. 1981). In this case, claimant made a knowingly and voluntarily waiver of his right to representation, and as such, the ALJ's duty did not rise to a special duty. *See Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995). Since the claimant here cannot show clear prejudice or unfairness brought on by his lack of counsel, he is not entitled to a remand. *See Kelley v. Heckler*, 761

F.2d 1538, 1540 n.2 (11th Cir. 1985).

Claimant has not shown an inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). Claimant's insured status expired on December 31, 1999. As such, he must prove that his disability existed before December 31, 1999, and continued until June 19, 2000, which is 12 months before the date of his application. Claimant furnished no medical evidence or other relevant evidence for the ALJ to use in reaching his conclusions. The ALJ is not under a duty to secure evidence for a claimant. It is undisputed that claimant has no medical records from the period of January 1997 through December 1999 (Tr. 60). Also, it appears that claimant's most recent treatment took place sometime in 1993. The only logical explanation for the lack of medical records is that claimant did not in fact seek medical treatment for his alleged conditions during the relevant time periods.[4] As such, the ALJ made his determination based on the available medical evidence.

*Conclusion*

For the reasons stated, it is hereby

ORDERED:

---

[4]Although Plaintifft asserts that his lack of treatment was due to his inability to afford the treatment, that argument has no merit. Evidence existed in the record that Plaintiff received income during the relevant time period. In addition, Plaintiff here did not adequately document his financial condition. *See Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003)(when the record contains evidence that a claimant is financially unable to comply with prescribed treatment, the ALJ must determine whether the claimant was actually able to afford the treatment).

1. The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.

2. The Clerk is directed to enter judgment for the Commissioner.

DONE AND ORDERED at Tampa, Florida on this 16th day of August, 2005.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE